## UNITED STATES

v.

**Brock BOBISINK and Frederick Moore.**

**No. CR 75–454–T.**

United States District Court,
D. Massachusetts.

April 25, 1979.

James E. O'Neil, formerly Asst. U.S. Atty., Boston, Mass., now District of Rhode Island, Walter B. Prince, currently Asst. U.S. Atty., Boston, Mass., for the U.S.

Evan T. Lawson, Boston, Mass., for Brock P. Bobisink and Frederick H. Moore.

James M. Pool, Boston, Mass., for Stephen D. Searles.

OPINION

TAURO, District Judge.

At issue here is whether the government's use of beepers in a drug enforcement surveillance infringed upon defendants' fourth amendment rights. In its decision reported at 415 F.Supp. 1334 (D.Mass. 1976), the court ruled that there was such infringement and, therefore, allowed defendants' motion to suppress. The government appealed and the First Circuit remanded, stating in part:

Because warrantless use of the one beeper inside the box of chemicals to determine their continued presence in the Brewster residence infringed on defendants' fourth amendment rights, evidence obtained from the searches must be suppressed unless it was come at not by exploitation of the illegality but instead by distinct means which purge the evidence of the primary taint.

*United States v. Moore,* 562 F.2d 106, 113 · 14 (1st Cir. 1977).

This court was instructed to make findings with respect to that issue.[1]

At a hearing following remand, both parties stipulated that, if called to testify, Drug Enforcement Administration Special Agent Frank Elliot would state that the beeper was not used after April 29, 1975, and that the signal emanating from the beeper played only a minor role in Agent Elliot's decision to seek the search warrant issued by the U.S. Magistrate on May 2, 1975. No other evidence was offered by either party.

On the basis of the expanded record, this court reaffirms its original findings and holds further that the evidence seized at the searches was not obtained by means distinct from the beeper planted in the chemical carton. Rather, the beeper was critical in

providing the basis for the issuance of the search warrants.

The defendants' motion to suppress is allowed. An order will issue.

---

1. The underlying facts of this case are detailed in this court's original opinion at 415 F.Supp. 1334 (D.Mass.1976). Among the findings made by the court were the following:

    [T]he beepers were critical to the investigation in two ways: 1) they permitted the DEA agents to trail the defendants so as to locate the drug manufacturing site, and 2) they permitted the agents to keep track of the chemicals which they anticipated would eventually go into the manufacturing process. Certainly, such data was significant in providing the basis for the issuance of the search warrants in this case.

415 F.Supp. 1337.